**MASTERCRAFT INDUSTRIES, INC., Plaintiff,**

v.

**Robert BREINING, the Creek Industrial Center, Inc. and C.I.C. Corp., Defendants.**

**No. 86 Civ. 6384 (JES).**

United States District Court, S.D. New York.

July 28, 1987.

Warshaw, Burstein, Cohen, Schlesinger & Kuh, New York City, for plaintiff; Martin R. Lee, of counsel.

Stanley A. Schutzman, New Windsor, N.Y., for defendants.

SPRIZZO, District Judge:

The facts of this case are set forth in more detail in plaintiff's complaint and need not be repeated here. Suffice it to say that plaintiff brings this action pursuant to civil RICO, 18 U.S.C. §§ 1961–1968 (1982 & Supp. III 1985), based on defendants' alleged fraudulent failure to perform certain contractual obligations in connection with a real estate transaction. Plaintiff alleges that defendants never intended to perform their obligations under the contract, *see, e.g.,* Complaint at ¶¶ 15, 24, 29, and that defendants' fraudulent nonperformance was accompanied by certain false representations, more specifically set forth in the complaint, *see id.* at ¶¶ 13–15, 19–24, 26–29. The RICO claims are accompanied by common law claims for fraud and breach of contract, as well as a claim on a note. *See id.* at ¶¶ 39–57.

In essence, the facts of this case provide graphic support for the frequently made assertions by the statute's detractors that the statute is being woefully abused by the civil bar. Not unexpectedly, the defendants have moved to dismiss the complaint, alleging that the RICO count fails to state a claim upon which relief can be granted and that no other basis for federal jurisdiction exists.

It is beyond dispute that the civil RICO statute has spawned considerable litigation as to the type of conduct which constitutes a legally sufficient predicate for such claims. It is equally clear that the task of resolving that issue at both the trial and appellate levels has been marked by considerable difficulty and difference of opinion, especially with respect to the "pattern of racketeering activity" and continuing "enterprise" requirements of the statute. *See* 18 U.S.C. §§ 1961(5), 1962(c). Moreover, the Supreme Court has cautioned that an overly mechanistic approach to the statute's pattern requirement does not necessarily effectuate the congressional purpose. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 493, 496 n. 14, 105 S.Ct. 3275, 3284, 3285 n. 14, 87 L.Ed.2d 346 (1985).

In this Circuit, at least, it appears that the Court must look to both the nature of the related multiple predicate racketeering acts and the nature of the enterprise alleged. As the Second Circuit recently noted in *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 51–52 (1987), "whether one looks for the requisite continuity and relatedness by examining the pattern or the enterprise is really a matter of form, not substance." *See also United States v. Ianniello,* 808 F.2d 184, 191 (2d Cir.1986). Therefore, it is clear in this Circuit that two separate criminal episodes need not be pleaded so long as the nature of the enterprise is sufficient to establish the continuity of criminal purpose which civil RICO requires.

The complaint in this case does allege separate related criminal acts, but does not allege separate criminal episodes. However, as noted above, that circumstance is not in itself fatal to the sufficiency of plaintiff's complaint, so long as the continuity of criminal purpose requirement is satisfied by the continuity of the criminal enterprise alleged. However, even affording this complaint the most generous reading, as the Court is required to do on a motion to dismiss, it fails to allege a continuing enterprise sufficient to meet the standards established in this Circuit. *See Beck, supra.* Therefore, the complaint must be dismissed.

At most, plaintiff's complaint alleges a discrete closed-ended scheme to defraud plaintiff with relation to a specific promise of contractual performance and related acts of fraud and misrepresentation incident thereto. The facts alleged, therefore, are not similar to those in *Ianniello,* where the absence of separate criminal episodes was not legally significant because the con-

tinuity of criminal conduct was clearly shown by the continuing illegal scheme to skim profits. Here, plaintiff has alleged no continuing enterprise other than the defendants' lawful business, of which the particular fraud alleged is at best a minor part.

Plaintiff having alleged neither separate criminal episodes nor facts from which an open-ended criminal enterprise may rationally be inferred, it would not be consistent with either congressional purpose or the decisions in this Circuit to find that the continuing enterprise element of RICO is satisfied merely because the defendants' *lawful business* is continuing. It follows that the RICO claim must be dismissed. There being no other basis for federal jurisdiction and there being no considerations of judicial economy that would be served at this stage of the litigation by retaining jurisdiction over the pendent common law claims, those claims are likewise dismissed. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also In Re Investors Funding Corp. of N.Y. Securities Litigation,* 523 F.Supp. 550, 560 (S.D. N.Y.1980).

It is SO ORDERED.