**Rosa Alicia GONZALEZ, et al., Plaintiffs,**

v.

**NORTH AMERICAN COLLEGE OF LOUISIANA, INC., et al., Defendants.**

**Civ. A. No. L–87–48.**

United States District Court, S.D. Texas, Laredo Division.

Oct. 3, 1988.

Javier Riojas, Israel M. Reyna, Texas Rural Legal Aid, Inc., Laredo, Tex., David G. Hall, Executive Director, Texas Rural Legal Aid, Inc., Weslaco, Tex., for plaintiffs.

John Allen Chalk, Atty. in charge, Gandy Michener Swindle, Whitaker & Pratt, Fort Worth, Tex., Thomas S. Brandon, Jr., for defendants.

---

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before this Court is Defendant's motion to dismiss Plaintiffs' RICO claim for failure to state a cause of action. Because the Court finds that Plaintiffs have stated sufficient facts to satisfy the elements of their RICO claim, the motion is DENIED.

To prevail on a civil RICO claim, the Plaintiffs must show injury to their "business or property by reason of [a RICO violation]." 18 U.S.C. § 1964(c). A RICO violation "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *National Enterprises v. Mellon Financial Services*, 847 F.2d 251, 253 n. 2 (5th Cir.1988). Racketeering activity includes mail fraud. 18 U.S.C. § 1961(1).

When ruling on a motion to dismiss, Plaintiffs' allegations are taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The Plaintiffs have alleged the following facts. Plaintiffs were students enrolled at the North American Education Center of Laredo, a school that was operated by the Defendants. Plaintiffs were induced by the Defendants to enroll in the school so that Defendants could fraudulently procure federal student assistance grants and federally guaranteed student loan money. The Defendants received the necessary certification to participate in the federal student assistance program by promising to comply with the Higher Education Act of 1965, as amended, and other regulations pertinent to federal aid to education. Contrary to this promise, Defendants operated unaccredited schools at McAllen and San Angelo, but misrepresented the status of these schools to the government. Having fraudulently procured certification, the Defendants recruited Plaintiff students, helped them complete their applications for government money, and sent or caused the applications to be sent to the lenders and the government.[1] The Defendants received

---

1. To maximize enrollment at their schools, Defendants made extravagant promises to prospective students and recruited them at places such as the Welfare Office, bus stops, and grocery

the monies under the federal program but did not release any of it to the Plaintiffs. Subsequently the government revoked Defendants' certification to receive any more student monies because of the Defendants' misrepresentation that the unaccredited schools were qualified to receive student assistance money. The Defendants closed all their schools after being terminated from the program. As a result, Plaintiffs did not receive the education promised in return for their investment. Plaintiffs also are indebted to the banks for the amount of the loan money sent to Defendants. Plaintiffs also allege that Defendants never refunded to them that part of the student assistance monies intended to reimburse them for personal educational expenses.

■ The Defendants first argue that Plaintiffs have no standing to bring this action. A plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.... Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts." *Sedima,* 473 U.S. at 496–97, 105 S.Ct. at 3285. The Fifth Circuit acknowledges that "whether a given party has suffered a RICO injury is a fact-heavy question." *National Enterprises,* 847 F.2d at 254. The conduct in this case alleged to be in violation of RICO is mail fraud. A person commits mail fraud when he participates in "a scheme or artifice to defraud and causes a use of the mails for the purpose of executing the scheme." *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350, 1354 (5th Cir.1985). The Plaintiffs allege numerous instances where the Defendants used or caused a use of the mails for the purpose of executing the scheme. The Defendants used the mails to misrepresent to the government that the schools were qualified to receive student assistance monies, to send the students' applications for money, and to receive the monies paid out under the program. These were all uses of the mails necessary to execute the scheme, *United States v. Kent,* 608 F.2d 542, 546 (5th Cir.1979), and each use constituted a separate violation of the mail fraud statute. *United States v. Toney,* 598 F.2d 1349, 1352 n. 4 (5th Cir.1979). In *United States v. Dick,* the government's mailing of reimbursement checks to a surety for amounts paid out to the defendants who allegedly defrauded the sureties and the government was held to constitute predicate acts of mail fraud. 744 F.2d 546, 552 (7th Cir.1984).

Defendants argue that the Plaintiffs were not injured by the mail fraud because they did not attend the unaccredited schools. However, misrepresentation of the accreditation status of those two schools was essential to the Defendants' being able to participate in the federal programs at all their schools, including the Laredo school. Without that misrepresentation to the government, the mail fraud scheme would not have worked. Moreover, the overall scheme to defraud also involved the use of the mails to send Plaintiffs' applications to the government and lenders, and to send the Plaintiffs' student monies to Defendants. The scheme would not have been as fruitful to the Defendants if the victims were only those students at the two unaccredited schools. In the instant case, the harm to the Plaintiffs flows not from any one of the mail fraud acts but from all of them. The proposition that the Plaintiffs' injury (indebtedness, lost personal investment, and lost refunds) flows from the various predicate acts of mail fraud, which had as its purpose to defraud the Plaintiff students of federal assistance money, is not so "far beyond the pale of rational causation" as to negate plaintiffs' standing. *National Enterprises,* 847 F.2d at 254. Unlike the injuries suffered in *National Enterprises,* the Plaintiffs' injuries in this case were not caused by "the remote corrupt acts of a virtual stranger ... to [the] relationship." *Id.* In this case, Defendants had to work closely with the Plaintiffs and had to manipulate their actions in order for the scheme to succeed.

and convenience stores. Defendants allegedly paid prospective students for successful referrals and helped students cheat on the entrance exam.

If true, the Plaintiffs' allegations show that the Defendants successfully used the Plaintiffs, defrauded them of benefits which they should have received, and saddled them with debt. Despite this, Defendants argue that Plaintiffs' injuries could not have flowed from the Defendants' execution of their scheme. This argument must be rejected. Plaintiffs have standing.

■ Defendants also argue that Plaintiffs have not alleged the requisite two acts of racketeering activity necessary to establish a pattern of racketeering activity. Defendants argue that there was only one activity pleaded—the "procuring of funds for the schools." However, the Defendants' argument "invites unwarranted escape from RICO by a semantical game of generalizing the legal objective, such as ... suggesting that a series of drug transactions are only part of the single offense of drug distribution.... Such a generalized objective is indistinguishable from the very criminal enterprise the act was plainly intended to reach." *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 426 (5th Cir.1987). Under the law of this circuit, two acts of mail fraud related to a single business transaction may constitute a pattern of racketeering activity. *R.A.G.S. Couture*, 774 F.2d at 1355. Plaintiffs have alleged numerous acts of mail fraud by the Defendants, including the mailing of applications for student monies on behalf of Plaintiffs and the receiving of money intended to pay for the Plaintiffs' educational needs. Moreover, the Plaintiffs have alleged facts to show that Defendants constituted an enterprise which functioned as a "continuing unit," and "posed a continuous threat." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. Sept. 20, 1988). This enterprise lasted for two years and cannot be characterized as "one that briefly flourishes and fades." *Id.* The Plaintiffs have alleged sufficient facts to show a pattern of racketeering activity in addition to showing standing. Therefore Defendants' motion to dismiss is DENIED.