Lisa **FOWLER**, Plaintiff,

v.

**BURNS INTERNATIONAL SECURITY SERVICES, INC. and Cletus Meek, Defendants.**

No. WC89–81–S–O.

United States District Court,
N.D. Mississippi, W.D.

May 24, 1991.

David G. Hill, Oxford, Miss., Fred Swaney, Memphis, Tenn., for plaintiff.

Susan Fahey, Phelps, Dinbar, Marks, Claverie & Sims, Jackson, Miss., for defendants.

## OPINION

SENTER, District Judge.

In this case of alleged sexual harassment, plaintiff contends that defendants violated Title VII, 42 U.S.C. § 2000e, *et seq.*, and RICO, 18 U.S.C. § 1961, *et seq.* She also asserts various state law claims. Presently pending before this court is defendants' motion for summary judgment on all claims.[1]

## FACTS

The court and the parties are well versed in the alleged facts of this case, but they will be repeated nonetheless and are of course stated in the light most favorable to the nonmoving party, the plaintiff.

In April, 1988, plaintiff, Lisa Fowler, was hired by defendant Meek to work as a security guard for defendant Burns. Shortly after she was hired, Meek informed Fowler that her work was unsatisfactory and that she would be discharged. Ms. Fowler explained to Meek that she had to have the job to support her family and asked him what she could do to keep her job. Meek told Fowler to meet him at a local motel where he would explain what she must do to continue her employment with Burns. When Fowler met Meek at the motel, he informed her that she could keep her job only if she agreed to have sex with him. Ms. Fowler "gave in" to Meek's demands. This pattern was repeated at least once a month until Meek fired Ms. Fowler on January 31, 1989. During the nine months that she was employed by Burns, Fowler was required to engage in a variety of sexual acts with Meek (including oral sex) in order to avoid being discharged.

## DISCUSSION

### I. Title VII Claim

■ The court has carefully reviewed defendants' motion for summary judgment on plaintiff's Title VII claim, the parties' memoranda and supporting and opposing evidence, and the pertinent case law, and is of the opinion that there exist genuine issues of material fact and defendants are not entitled to judgment as a matter of law. Consequently, defendants' motion for summary judgment on plaintiff's claims of sexual harassment is not well taken and is denied.

### II. RICO Claim

Section 1962(c) of Title 18 of the United States Code provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debts.

18 U.S.C. § 1962(c). "Reduced to its three essentials, a civil RICO claim must involve: (1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise.*" *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989) (emphasis in original). "The absence of a fact issue regarding any one of these elements is sufficient to grant summary judgment provided the legal analysis also favors the movants." *Landry v. Air Line Pilots Association International AFL–CIO,* 901 F.2d 404, 424 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990).

■ Section 1962(c) requires that the "person" and the "enterprise" be separate and distinct entities. *Landry,* 901 F.2d at

---

**1.** Defendants previously filed a motion for partial dismissal of the RICO claim. On March 8, 1990, this court ordered plaintiff to supplement her response to the motion for partial dismissal by informing the court of the Mississippi statute which she charged makes the defendants' alleged acts punishable by imprisonment for a term of more than one year. Plaintiff followed the court's directions, and defendants responded. Defendants have now requested summary judgment on the RICO claim as well as the other claims; therefore, the court will consider all claims in light of the standards governing summary judgment motions.

425. "The violator of section 1962(c) who commits the pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted." *Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir.1989). Because defendant Burns International Security Services, Inc. cannot be both a RICO "person" and the enterprise, the motion for summary judgment on the RICO claim as to Burns is well taken and is granted.

The court next considers whether plaintiff has established a pattern of racketeering activity on the part of defendant Meek.

■ "Racketeering activity" is statutorily defined as "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year...." 18 U.S.C. § 1961(1)(A). In her amended complaint, plaintiff alleges that the predicate acts were "acts of extortion and assault which are indictable violations of the laws of the State of Mississippi."

In response to the court's directions, plaintiff identifies three state statutes which she claims were violated through extortion: (1) Miss.Code Ann. § 97–29–59 (unnatural intercourse); (2) Miss.Code Ann. § 97–3–53 (kidnapping by inveiglement); and (3) Miss.Code Ann. § 97–3–65 (rape). Plaintiff's attempt to bring Meek's alleged conduct within RICO's predicate act of extortion via these felony statutes involves the following logic: The general definition of extortion includes compelling or coercing by any means which overcome one's power of resistance or gaining by wrongful methods. In turn, and according to plaintiff, (1) Meek's "threats to fire [Fowler] unless she engaged in acts of oral sex constitute 'means serving to overcome one's power of resistance' and the obtaining of sexual gratification by 'wrongful methods' within the general meaning of ... extortion"; (2) Meek "tricked and deceived Plaintiff into being involuntarily confined in his [motel] room ... by means of extortionate threats and intimidation that his decision whether to terminate her depended upon her willingness ... to sexually gratify him"; and (3) Meek's "extortionate demands for sexual gratification in exchange for future employment ... constitutes forcible rape...."

A plain reading of the statutes cited by plaintiff leads this court to the conclusion that the crime chargeable under each has nothing whatsoever to do with extortion as it is generally defined. Consequently, plaintiff has failed to establish the requisite predicate act on the part of defendant Meek.

■ Assuming arguendo that plaintiff has established the required racketeering activity, she has not shown a *pattern* of such activity as defined by the United States Supreme Court. In *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), the Court held that proof of a pattern of racketeering activity involves a showing "that the racketeering predicates are related, *and* that they amount to or pose a threat of continuing criminal activity." *H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900 (emphasis in original). The Court rejected the multiple scheme test adopted by some lower courts and stated that to establish a RICO pattern, "it must be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *Id.* at 240, 109 S.Ct. at 2901 (emphasis in original).

The concept of "continuity" is therefore central to the analysis of a RICO claim. The Supreme Court explained it as follows:

"Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... [W]hat must be continuous [is] RICO's predicate acts or offenses.... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no

future criminal conduct do not satisfy this requirement.... *Id.* at 241–42, 109 S.Ct. at 2902 (emphasis in original) (citation omitted). The Court rejected the argument that very short periods of criminal activity that do not carry a threat of continuing criminal activity fall within the reach of RICO: "[W]hen congress said predicates must demonstrate 'continuity' before they may form a RICO pattern, it expressed an intent that RICO reach activities that amount to or threaten long-term criminal activity." *Id.* at 243 n. 4, 109 S.Ct. at 2902 n. 4. Whether the predicates establish a threat of continued racketeering activity depends on the facts of each case. *Id.* at 242, 109 S.Ct. at 2902.

The alleged criminal acts by defendant Meek occurred over a nine-month period which presumably ended when plaintiff was discharged. Plaintiff has brought forth no evidence that the activity in which Meek allegedly engaged threatened any future criminal conduct. Therefore, and alternatively, plaintiff has not established a *pattern* of racketeering activity, and the motion for summary judgment on the RICO claim against defendant Cletus Meek is hereby granted.

### III. State Law Claims

█ Plaintiff seeks damages for the following state law claims: (1) intentional infliction of emotional distress; (2) assault; (3) seduction; and (4) threat and extortion. Defendant argues that because the Mississippi Workers' Compensation Commission (MWCC) has exclusive jurisdiction over these claims, they should be dismissed.

Assuming this court has the power to hear these pendent claims, the court is of the opinion that discretion should be exercised in favor of dismissing the state law claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The court has not casually reached this conclusion but instead has carefully considered the four factors of judicial economy, convenience, fairness, and comity as required by *Carnegie–Mel-*

*lon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988).[2] Frankly, the court has struggled with the particular issues presented by the parties, and ·due to their novelty and complexity, the court is of the opinion that the resolution of these matters is best left to the appropriate state tribunal.

Plaintiff has demanded a jury trial in this cause. With the dismissal of the RICO claim, the only claims on which a jury could render a verdict are the state law claims, the decision on the alleged Title VII violation to be made, of course, by the court. *See Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). As such, there is certainly the possibility of jury confusion. *See Gibbs,* 383 U.S. at 728–29, 86 S.Ct. at 1140–41. This is not the first time this court has chosen to exercise its discretion in dismissing pendent claims in the context of a Title VII case and under similar circumstances, *see Saulsberry v. Atlantic Richfield Co.,* 673 F.Supp. 811, 816–17 (N.D.Miss.1987), and this dismissal will be subject to conditions set forth in the accompanying order. *See id.*

### CONCLUSION

Defendants' motion for summary judgment is denied as to plaintiff's Title VII claim but is granted as to her RICO claim. The court exercises its discretion to dismiss without prejudice the pendent state claims upon compliance with certain conditions. Because the only claim proceeding to trial is the sexual harassment claim brought under Title VII, defendant's motion to strike the jury trial is granted, and the case will be heard by the court in a bench trial. *See Johnson,* 417 F.2d at 1125.

Finally, the parties have already attended a final pretrial conference in this matter, and a pretrial order has been entered. In light of the court's rulings, a revised pretrial order would be helpful to the court and will lead to a more expeditious final ruling following the trial of this case.

An appropriate order shall issue.

---

**2.** Because this cause of action was filed before December, 1990, the new statute codifying, in part, the *Gibbs* decision, 28 U.S.C. § 1367 ("Supplemental jurisdiction"), is not applicable in this case.

## ORDER

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That defendants' motion for summary judgment on plaintiff's Title VII claim is denied;

That defendants' motion for summary judgment on plaintiff's RICO claim is granted and is hereby dismissed with prejudice;

That, pursuant to the court's discretionary power to dismiss pendent claims, plaintiff's state law claims are dismissed upon the following conditions:

1. Defendants shall submit to the jurisdiction of the appropriate state tribunal;

2. Defendants shall waive or toll all statutes of limitations for the period from the date of filing of this action to the date of this order;

3. Defendants shall consent to the use of discovery taken in this action in the state cause;

Upon compliance with these conditions, the pendent claims will be dismissed without prejudice;

That defendants' motion to strike jury trial is granted, and this cause will be heard as a nonjury matter;

That a revised pretrial order shall be submitted by the parties no later than June 21, 1991; failure to comply in a timely manner will result in the imposition of appropriate sanctions.

SO ORDERED.