**CRAWFORD ARMS, INC., Individually and on behalf of all persons similarly situated, Plaintiff,**

v.

**WASTE MANAGEMENT OF MISSISSIPPI, INC., Defendant.**

**No. CIV.A.5:97–cv–68(Br)(S).**

United States District Court, S.D. Mississippi, Western Division.

Jan. 2, 1998.

David M. Sessums, Varner, Parker, Sessums & Akin, Vicksburg, MS, for Plaintiffs.

John C. Henegan, Larry Leroy Tyner, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This matter is before the Court on the defendant, Waste Management of Mississippi, Inc. ("WMM")'s motion to dismiss [**docket entry no. 6**]. The plaintiff, Crawford Arms, Inc. ("Crawford Arms"), has responded in opposition to said motion, and WMM has replied. Based on the submissions, the supporting documents, and the relevant law, the Court finds as follows:

Crawford Arms is a Mississippi corporation that owns a twenty-unit apartment complex in Vicksburg, Mississippi. In January 1994, Crawford Arms entered into a month-to-month service agreement with WMM for garbage collection. On May 24, 1996, WMM

sent Crawford Arms a letter announcing a monthly rate increase, to become effective June 1, 1996. In its May 24 letter, WMM stated that it sought the rate increase because of its increased costs and need for satisfactory operating margins. Crawford Arms' officer Willis Wolfe immediately complained about the rate increase on May 29, 1996. Crawford Arms paid the increased rate for the month of June 1996, and negotiated a lower contract rate of $151.00 per month beginning in July 1996.

On April 4, 1997, Crawford Arms filed a complaint against WMM citing the RICO statute as its basis for subject matter jurisdiction in federal district court. As grounds for its motion to dismiss, WMM cites alternative grounds: (1) Crawford Arms does not have standing to assert a RICO claim, and therefore this Court has no subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief can be granted.

The standard governing a motion to dismiss under Rule 12(b)(1) or (6) is well established. The court must take the allegations in the complaint to be true unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994); *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir.1992). Subject matter jurisdiction is determined at the time the complaint is filed. *Carney*, 19 F.3d at 954.

■ It is undisputed that both the plaintiff and the defendant are citizen corporations of Mississippi. Therefore, complete diversity does not exist, and this Court is unable to exercise subject matter jurisdiction based on diversity. The plaintiff must assert a federal question in order to establish subject matter jurisdiction in the district court. Federal question jurisdiction exists if a complaint states a claim arising under the U.S. Constitution or the laws and treaties of the United States. 28 U.S.C. § 1331. "Dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Bell v.*

*Health–Mor, Inc.*, 549 F.2d 342, 344 (5th Cir.1977) (citations omitted).

The defendant contends that the plaintiff has attempted to assert a federal question by claiming jurisdiction pursuant to 18 U.S.C. § 1341, the federal mail fraud statute. The complaint states that jurisdiction is brought pursuant to 18 U.S.C. § 1961 et. seq. (RICO), and 18 U.S.C. § 1341 (mail fraud). The plaintiff claims that it invoked 18 U.S.C. § 1341 not to invoke the jurisdictional powers of the Court but to show a predicate act of racketeering as required under the RICO statute.

■ The mail fraud statute is criminal in nature, and it does not create a private right of action. *Bell*, 549 F.2d at 346. Instances of mail fraud may form the predicate acts necessary for a civil RICO claim. *New England Data Services v. Becher*, 829 F.2d 286, 287–88 (1st Cir.1987). The RICO statute, however, provides for a private cause of action. 18 U.S.C. § 1964(c). Thus, while the plaintiff may allege mail fraud as a predicate act for its RICO claim, the mail fraud allegations, in and of themselves, do not create a separate cause of action. *Delta Education, Inc. v. Langlois*, 719 F.Supp. 42 (D.N.H. 1989). The mail fraud statute, therefore, does not create an independent jurisdictional basis for this action.

■ The defendant also claims that Crawford Arms does not have standing to assert a RICO claim, and therefore, the RICO statute does not confer jurisdiction over the complaint. The RICO statute imposes civil and criminal liability on persons who use or invest income derived from, acquire or maintain control of, or engage in the conduct of an enterprise through a pattern of racketeering activity, or who conspire to do any of these acts. 18 U.S.C. § 1962 (1988). Reduced to its essential elements, a violation of § 1962 requires: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988).

■ In addition, a RICO plaintiff must have standing to sue pursuant to 18 U.S.C.

§ 1964(c). "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L., v. Imrex Co.,* 473 U.S. 479, 495–97, 105 S.Ct. 3275, 3284–85, 87 L.Ed.2d 346 (1985). The Civil RICO standing requirement, found in § 1964(c), provides that only persons who have been injured "by reason of" the commission of predicate acts have standing to bring suit. *Sedima,* 473 U.S. at 496, 105 S.Ct. 3275. In the Fifth Circuit, a person will be considered injured "by reason of" a RICO violation if the predicate acts constitute (1) factual (but for) causation and (2) legal (proximate) causation of the alleged injury. *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 744 (5th Cir.1989). In some instances—shareholder derivative claims, actions analogous to derivative suits, and creditors' claims in bankruptcy—there are also non-RICO standing requirements which must be satisfied.

> [W]hether standing exists to assert a RICO claim entails a two-part inquiry. First, we must determine whether any non-RICO standing requirements apply and have been satisfied. Second, if non-RICO standing requirements have been met or if, given the alleged injury, none apply, the RICO plaintiff must then show that it suffered injuries "by reason of" the commission of a predicate act.

■ With regard to the RICO standing requirement, the defendant first claims that the plaintiff cannot establish an injury to its business or property. According to the defendant, the plaintiff has not suffered a monetary or a concrete financial loss as a result of its alleged injuries or the alleged RICO violation. The plaintiff claims that it suffered "direct economic loss consisting of a difference between the amount Plaintiff was contractually obligated to pay and the amount actually paid by Plaintiff as demanded by Defendants in their letter of May 24, 1996."

As reflected on page 2 of the Service Agreement, Crawford Arms' officer Willis Wolfe deleted WMM's standard "Term" clause from the contract. Because the Service Agreement had no set term, the contract between Crawford Arms and WMM was terminable at will by either party, i.e. month-to-

month. *Roberts v. Southern Wood Piedmont Co.,* 571 F.2d 276 (5th Cir.1978) (interpreting Mississippi contract law).

The Service Agreement entered into by the parties gave WMM the right to increase fees as a result of certain market and regulatory conditions. WMM, pursuant to the agreement, attempted to affect a rate increase. Under the month-to-month contract, once WMM made the offer of the new increased rate, Crawford Arms was not contractually obligated to pay the proposed increased rate, the old contract rate, or any other rate. Neither party was obligated to renew the contract. The Court is not persuaded that the plaintiff suffered a RICO injury. Even if an injury did occur, it was not of the type protected by the RICO statute. In *In re Taxable Municipal Bond Securities Litigation,* 51 F.3d 518 (5th Cir. 1995), the Fifth Circuit concluded that the plaintiff did not have RICO standing where his alleged injury was speculative and did not show a conclusive financial loss.

Moreover, the defendant argues that the plaintiff's alleged injury was not "by reason of" the plaintiff's alleged improper conduct. Only persons who have been injured by reason of the commission of predicate acts have standing to bring suit under the RICO statute. The predicate acts must constitute factual (but for) causation and legal (proximate) causation. The plaintiff cannot satisfy the "by reason of" requirement. Any injury it sustained resulted from a dispute over the rate increase, not from an alleged RICO violation.

The defendant also claims that the plaintiff has not pled and cannot establish a RICO violation. The defendant argues that the plaintiff has not pled the existence of an "enterprise," has not alleged that the defendant's alleged mail fraud was "connected to the acquisition, establishment, conduct, or control" of the unnamed "enterprise," has not alleged that the "enterprise" is engaged in or affects interstate commerce or foreign commerce, and has not adequately pled the components or elements of mail fraud as a predicate act or "racketeering activity" under the RICO Act. Assuming, *arguendo,* that the plaintiff could establish injury and causation,

dismissal is supported in this case because the plaintiff cannot establish a RICO violation.

Under § 1961(4), an enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." The plaintiff contends that the defendant itself is the enterprise.[1] The Fifth Circuit has determined, however, that the "violator of section 1962(c) who commits that pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted." *Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir.1986). In other words, there must be a distinction between the RICO "person" and the RICO "enterprise."[2]

When faced with the issue of whether § 1962(c) requires a distinction between the RICO person and the RICO enterprise, the Fifth Circuit, adopting the reasoning of the Seventh Circuit in *Haroco, Inc. v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984), concluded that a distinction must be shown. *Bishop v. Corbitt Marine Ways, Inc.*, 802 F.2d 122, 123 (5th Cir.1986). While a corporation may satisfy the § 1961 definitions of both "person" and "enterprise," the use of the terms "employed by" and "associated with" in § 1962(c) "appears to contemplate a person distinct from the enterprise." *Haroco*, 747 F.2d at 400. In the case *sub judice*, the person and the enterprise are alleged to be the corporation. Under Fifth Circuit precedent, "the violator of section 1962(c) who commits the pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted." *Old Time Enterprises*, 862 F.2d at 1217.

Further, Crawford Arms must prove a "pattern of racketeering activity" to establish RICO liability. 18 U.S.C. § 1962(a)-(d). "Racketeering activity" consists of two or more predicate offenses, defined by the stat-ute to include acts violating federal wire or mail fraud statutes. 18 U.S.C. § 1961. The plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). The facts as alleged by the plaintiff do not establish "continuity." The May 24 price increase was a one-time event. The fact that subsequent invoices were sent does not render the price increase "continued criminal activity." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1414 (3d Cir.1991) (invoices are irrelevant to issue of continuity unless they contain false or misleading statements and constitute separate deceptive acts); *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir.1988) (no continuity where plaintiff alleged multiple acts of fraud that were part and parcel of single, discreet or otherwise lawful commercial transaction). Moreover, the invoices were sent for only two months, which is not a sufficient period of time to constitute "continued criminal activity." *See Fowler v. Burns Intern. Sec. Services, Inc.*, 763 F.Supp. 862 (N.D.Miss.1991) (9–month period not sufficient to establish continuity).

Finally, the plaintiff's complaint does not sufficiently allege a "predicate act." Crawford Arms claims the defendant's May 24 letter is a "fraudulent statement" because it states the price increase is solely attributable to WMM's increased costs. The letter itself, however, clearly states that the price increase is also based on "the [defendant's] need for satisfactory operating margins," i.e. a wish to improve its profitability. As a matter of law, WMM's statements in the letter are not susceptible to the meaning ascribed by the plaintiff in its complaint. With no fraudulent assertion in the letter, there is no scheme to defraud, no mail fraud, and no predicate act under RICO.

---

1. The plaintiff bases its argument on the fact that the defendant directed that payments pursuant to the agreement be mailed to a post office box in Bedford Park, Illinois.

2. "It shall be unlawful for any person through a pattern of racketeering activity or through collec-tion of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962.

In conclusion, the plaintiff does not have standing to bring this RICO action. It has failed to allege a type of injury protected by RICO. Further, if an injury did occur, it was not "by reason of" the plaintiff's alleged improper conduct. In addition, the plaintiff has failed to state a claim upon which relief can be granted under the RICO statute: it has failed to show the existence of an "enterprise," a "pattern of racketeering activity," or a "predicate act." Thus, the plaintiff cannot establish a RICO violation and its complaint must be dismissed. Accordingly,

IT IS HEREBY ORDERED that the defendant's motion to dismiss [**docket entry no. 6**] is GRANTED, and this action is dismissed with prejudice. An appropriate judgment shall follow.