**SCOTTSDALE INSURANCE CO.**

v.

**Darren DORMAN, et al**

**No. Civ.A. 00–2104.**

United States District Court,
E.D. Louisiana.

March 29, 2001.

Matthew J. Ungarino, William Harry Eckert, Ungarino & Eckert, LLC, Metairie, LA, for plaintiff.

Louis Roy Koerner, Jr., Law Offices of Louis R. Koerner, Jr., New Orleans, LA, for defendants.

## ORDER AND REASONS

CLEMENT, District Judge.

Before the Court are defendants Nathaniel Massi and Michael Lovelace's (1) Motion to Strike Amended RICO Standing Order Response and Opposition Memorandum Insofar as it Relies on Material Outside of the Pleadings and for Failure to Comply with Rule 15 and (2) Motion to Dismiss Complaint of Scottsdale Insurance Company Pursuant to Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Relief under the RICO Statute and for Rule 11 Sanctions. For the following reasons, defendants' first motion is DENIED, and their second motion is GRANTED IN PART and DENIED IN PART.

## A. BACKGROUND

In October, 1999, defendant Darren Dorman was injured when he was struck by a winch on a barge owned by LaPlace Sand Company, Inc. At the time of the accident, Dorman was allegedly a LaPlace Sand employee. However, because LaPlace Sand did not carry worker's compensation insurance, the company filed Dorman's claim under its general liability insurance policy, which specifically excluded claims by employees. LaPlace Sand allegedly told its general liability insurer, plaintiff Scottsdale Insurance Company, that Dorman was not an employee and asked that Scottsdale pay Dorman's

$45,000.00 in medical expenses directly to River Parishes Hospital. Scottsdale, however, remitted the money directly to Dorman, who failed to pay his medical bills.

On January 11, 2000, River Parishes Hospital made an amicable demand on La-Place Sand for the $45,000.00. On January 12, 2000, LaPlace Sand filed a petition for declaratory judgment in Louisiana state court, seeking a declaration that Scottsdale was liable to River Parishes Hospital for Dorman's medical expenses on the grounds that Scottsdale turned over the money to the wrong party. On May 31, 2000, the state court lawsuit was dismissed because all Dorman's medical bills had been paid.

Scottsdale filed the instant suit on July 17, 2000, alleging that Dorman, LaPlace Sand, its president Nathaniel Massi, and Michael Lovelace violated the Racketeer Influenced and Corrupt Organizations Act (RICO) by fraudulently obtaining the $45,000.00 settlement. LaPlace Sand was dismissed as a defendant on October 24, 2000. [Rec. Doc. No. 9, at 4]. Defendants Massi and Lovelace now move the Court (1) to strike Scottsdale's amended RICO case statement, (2) to dismiss Scottsdale's RICO charge on the grounds that Scottsdale has failed to comply with the pleading requirements of the RICO statute, and (3) to dismiss Scottsdale's pendent state law claim because the Court lacks supplemental jurisdiction.

## B. LAW AND ANALYSIS

Scottsdale alleges that Dorman, Massi, and Lovelace violated § 1962(c) of the RICO statute, which provides that "a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity." 18 U.S.C. § 1962(c). In their motion to dismiss, filed on November 1, 2000, the defendants argue that Scotts-

dale's RICO claim is facially deficient because it fails to comply with the pleading requirements of 18 U.S.C. § 1962. In an attempt to correct the alleged flaws in its complaint, Scottsdale filed an amended RICO case statement on February 1, 2001, without leave of Court. The defendants now move to strike the amended statement, arguing that the filing was improper and should be disregarded. Scottsdale responds that it was unaware leave of Court was required to amend a RICO statement, and now asks the Court for leave to amend.

■■■■ Under Federal Rule of Civil Procedure 15(a), "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Serv.'s*, 925 F.2d 866, 874 (5th Cir.1991). In deciding whether to allow a party to amend pleadings, courts may consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir.1996)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)).

In the instant case, the defendants claim that the amended case statement completely changes the allegations in Scottsdale's complaint. The Court disagrees. While the amended RICO case statement is an attempt to comply with the technical requirements for stating a cause of action under RICO, the underlying conspiracy as alleged in the plaintiff's complaint has not changed. Accordingly, the Court grants Scottsdale leave to file its amended RICO

case statement, and the defendants' motion to strike is DENIED.

 However, Scottsdale's amended RICO case statement is not sufficient to survive the defendants' motion to dismiss.[1] To state a RICO claim, a plaintiff must allege "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise.*" *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 439 (5th Cir.2000)(quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir.1988)(emphasis in original)). "To prove a 'pattern of racketeering activity,' a plaintiff must show at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity." *Tel–Phonic Serv.'s, Inc. v. TBS Intern., Inc.,* 975 F.2d 1134, 1139–40 (5th Cir.1992)(citing *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 238, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)).

In the case at bar, Scottsdale alleges that the defendants committed three predicate acts of racketeering activity. First, defendant Michael Lovelace allegedly committed wire fraud by sending Scottsdale a false facsimile transmission that indicated Dorman was not a LaPlace Sand employee. Second, defendants Massi and Dorman allegedly committed mail fraud by mailing Dorman's medical bills to Scottsdale in furtherance of the fraudulent claim. Finally, defendant Massi allegedly committed mail fraud by mailing the declaratory judgment lawsuit to Scottsdale.

 However, "[e]stablishing the minimum number of predicates ... is not sufficient to establish a pattern; the racketeering predicates must be related and amount to or pose a threat of continued criminal activity." *Id.* at 1140 (citing *H.J., Inc.* 492 U.S. at 236–239, 109 S.Ct. 2893). In *H.J., Inc.,* the Supreme Court explained that:

> "Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition ... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct.

*H.J., Inc.* 492 U.S. at 241–42, 109 S.Ct. 2893.

In the instant case, Scottsdale alleges that the defendants submitted a fraudulent insurance claim on November 4, 1999 and unlawfully received a $45,000.00 settlement on December 17, 1999. Scottsdale further submits that on January 12, 2000, after River Parishes Hospital demanded payment of the $45,000.00 by LaPlace Sand, LaPlace Sand filed a lawsuit against Scottsdale based on the same set of fraudulent facts. The suit was dismissed on May 31, 2000. The Court finds that these alleged acts constitute a closed-ended pat-

---

**1.** In a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995). Dismissal is warranted if "it ap-

pears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994)).

tern that extended for an insufficient duration of time to establish a RICO violation.

■ First, the Court finds that both the fraudulent insurance claim and the subsequent lawsuit encompass a single fraudulent "episode," specifically, the defendants' attempt to avoid paying Dorman's medical expenses. This episode clearly ended when the defendants' state court lawsuit was dismissed, and Scottsdale does not contend that the alleged RICO enterprise poses a threat of future racketeering activity. The Court finds that the instant case is similar to *Apparel Art International, Inc. v. Jacobson,* 967 F.2d 720 (1st Cir. 1992), in which the plaintiff alleged that the defendant committed several fraudulent acts in obtaining a contract from the federal government. In holding that the plaintiff failed to state a continuing pattern of racketeering activity, the court ruled that "several instances of criminal behavior—a bribe, several false statements, a cover-up, and (possibly unlawful) access to confidential information" comprised a "single effort" to obtain and keep one government contract. Similarly, in the case at bar, the Court finds that the insurance claim and the lawsuit comprise a single attempt to obtain payment for Dorman's medical bills.

■ Second, the Court finds that the period between November 4, 1999 and May 31, 2000 is an insufficient period of time to satisfy the RICO statute's concern with long term criminal conduct. Accordingly, the defendants' motion to dismiss Scottsdale's RICO claim is GRANTED. The Court does not, however, find that Scottsdale's RICO claims were brought in

bad faith, and the defendants' motion for Rule 11 Sanctions is DENIED.

Scottsdale argues that even if its RICO claim is deficient, it has properly pled a state law fraud action. The Court agrees.[2] Therefore, the Court must decide whether it may exercise jurisdiction over Scottsdale's state law action after the federal claim has been dismissed. Scottsdale argues that the Court has independent subject matter jurisdiction over its state law fraud claim because the parties are diverse and because the amount in controversy exceeds $75,000. Specifically, Scottsdale claims that it seeks recovery of the $45,000.00 paid to Dorman, attorney's fees, and "treble damages under 18 U.S.C. § 1964." Compl. at ¶ XXI. Since the Court has dismissed Scottsdale's RICO claim, treble damages are no longer available. Accordingly, diversity jurisdiction will only exist if Scottsdale can establish to a legal certainty that it may be awarded attorney's fees in an amount exceeding $30,000.00.

The defendants admit that Scottsdale's original complaint "could conceivably be construed to argue that attorney's fees are requested," but contend that attorney's fees are not available to Scottsdale as matter of law. [Rec. Doc. No. 18, at 2]. Scottsdale claims it is entitled to an award of attorney's fees under Article 1958 of the Louisiana Civil Code, which provides that the "party against whom recission is granted because of fraud is liable for damages and attorney fees." LA. CIV.CODE ANN. art. 1958 (West 1987). However, the Court finds this article is inapplicable to the instant case. The Revision Comments to

---

**2.** The notice pleading requirements of Federal Rule of Civil Procedure 8 do not require an inordinate amount of detail or precision. Rule 8 provides that "[a] pleading ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to

relief...." The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies. *See Doss v. South Cent. Bell Tel. Co.,* 834 F.2d 421, 424 (5th Cir.1987).

Article 1958 draw an explicit distinction between "fraud committed to entice a party into a contract," which may be remedied by Article 1958, and "fraud in performing a contract," which may not be remedied by the article. *Id.* at Revision Comment(b). For example, in *Ratcliff v. Boydell,* 674 So.2d 272 (La.App. 4th Cir.1996), the plaintiff proved that her attorney failed to pay her the proper amount due under a contingent fee contract, and the district court awarded her attorney's fees under Article 1958. The appellate court reversed the award of attorney's fees, holding that "there was no fraud in the confection of the contingent fee contract" and that the "fraud was committed in the [contract's] performance ... which was supposed to involve defendants' taking the correct fee and disbursing to plaintiff the amount due her." *Id.* at 282.

■ In the instant case, although Scottsdale argues that "the confection of the contract, i.e., the settlement with Dorman, was confected through fraud," [Rec. Doc. No. 22, at 2], the Court does not agree. The Court finds that the contract was the insurance policy between LaPlace Sand and Scottsdale, and that the settlement with Dorman was the performance of that contract. Accordingly, the Court finds that the alleged fraud took place in the performance, not the confection, of the insurance contract between Scottsdale and LaPlace Sand. As stated above, fraud in performing a contract is specifically excluded by Article 1958. Since Scottsdale offers no other basis for the recovery of attorney's fees, the Court finds that Scottsdale has not alleged a sufficient amount in controversy to establish diversity jurisdiction under § 1332. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3702 (3d ed.1998)(stating that the plaintiff has not

established the amount in controversy to a legal certainty "when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff").

■ Since Scottsdale has not established diversity jurisdiction, the Court must determine whether it should exercise supplemental jurisdiction over Scottsdale's state law fraud claim under 28 U.S.C. § 1367. § 1367 provides that a district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." In the case at bar, because the Court has dismissed Scottsdale's only federal claim, the Court declines to exercise jurisdiction over the remaining state law fraud claim. The Court finds that declining jurisdiction is appropriate for three reasons. First, the plaintiff has only recently shifted its attention to the state law fraud claim; and, up to this point, both the plaintiff's and defendants' efforts have been exclusively focused on the RICO allegations. *See Lust v. Burke,* 876 F.Supp. 1474, 1484 (D.Md.1994)(holding that, absent exceptional circumstances, district court would not exercise pendent jurisdiction after all RICO claims were dismissed, leaving only state law fraud claims). In addition, the instant matter has not progressed beyond the pleading stage, and the defendants have not yet filed their answer. Finally, dismissing the remaining state law claim will not unduly prejudice Scottsdale because the statute of limitations on the fraud claim has not yet expired, and Scottsdale may refile that claim in state court. *See* 18 U.S.C. § 1367(d). Accordingly, the Court declines to exercise supplemental jurisdiction over Scottsdale's fraud claim, and its state law fraud claim is DISMISSED WITHOUT PREJUDICE.

*CONCLUSION*

IT IS ORDERED that:

(1) the defendants' Motion to Strike Amended RICO Standing Order Response and Opposition Memorandum Insofar as it Relies on Material Outside of the Pleadings and for Failure to Comply with Rule 15 is DENIED,

(2) the plaintiff's RICO claim is DISMISSED,

(3) the plaintiff's state law fraud claim is DISMISSED WITHOUT PREJUDICE, and

(4) the defendants' Motion for Rule 11 Sanctions is DENIED.