87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith H. HALLOCK, dba Hallock Enterprises, Plaintiff-Appellant,
and
Sandra Hallock, Plaintiff,
v.
CITY OF ROHNERT PARK; Jimmie Rogers; Mark Jacobson;
Donald Davis; Arthur Condiotti; Phil Trowbridge, Condiotti
Enterprises, Linda Spiro, Charlie Cochran, Peter Callinan,
Paul Skanchy, Joseph Netter, Carl Lievo, Ron Brust, Da80,
Debra Investment Corporation; Koala Springs Co.,
Defendants-Appellees.
 No. 95-16836.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Hallock appeals pro se the district court's dismissal of his complaint against various defendants for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Hallock contends that appellees participated in a pattern of racketeering activity which prevented him from developing his real property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and we affirm.
 
 
 3
 The district court dismissed Hallock's RICO claim for failure to plead sufficient facts to establish an effect on interstate commerce or a pattern of racketeering activity. Further, the district court dismissed Hallock's claim brought pursuant to 18 U.S.C. § 1951 alleging defendants Cochran, Rogers and Jacobson solicited to offer a bribe that would extort Hallock of land. The district court determined that no private right of action is created by section 1951. Finally, the district court dismissed appellants pendent state law claims without prejudice.
 
 
 4
 On appeal, Hallock does not address the substance of the district court's order but instead raises the following issues: (1) attorney deception; (2) Jacobson's refusal to produce documents, and (3) counsel's failure to conduct adequate discovery. The gravamen of these issues appears to be that Hallock believes he was not allowed sufficient discovery to oppose defendants motion to dismiss. Because these issues were not raised in the district court, we will not consider them for the first time on appeal.[1] International Union of Bricklayers & Allied Craftsman Local Union v. Martin Janska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Accordingly, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, these issues do not bear any direct relationship to the substantive issues underlying the district court's order dismissing appellant's complaint. Further, a motion brought under Fed.R.Civ.P. 12(b)(6) is resolved on the pleadings. See Argabright v. United States, 35 F.3d 472, 474 (9th Cir.1994). Because all allegations of material fact are taken as true, discovery has little relevance to the disposition of a motion to dismiss for failure to state a claim