GROSS, J.
This is an appeal from an order dismissing a complaint. We affirm the circuit court on the forum non conveniens issue and do not address the remaining points raised on appeal.
Appellant, Frederick DeLuca, employed appellee, Thomas Hislop, to provide investment advisory and management services. On December 9, 2002, DeLuca filed a complaint in Broward County, seeking a declaratory judgment settling the amount of money he owed Hislop.
On January 22, 2003, Hislop filed a lawsuit in Connecticut to recover money from DeLuca for his services.
On February 4, 2003, Hislop moved to dismiss the Florida action, alleging, inter alia> that under the doctrine of forum non conveniens, Connecticut was the more appropriate forum. The motion was supported by Hislop’s sworn affidavit and exhibits.
In his affidavit, Hislop stated that he had been a full-time resident of Connecticut for over thirty years, had never been a resident of Florida, and had never maintained an office, post office box, telephone, bank account, or property of any kind in Florida.
Hislop asserted that he was employed from 1992 until 2001 as the controller of Doctor’s Associates, Inc., in Milford, Connecticut. Doctor’s is the franchisor for the Subway chain of restaurants; the corporation employs nearly 600 people at its Milford headquarters. DeLuca is the president and chief executive officer of Doctor’s.
Part of Hislop’s responsibility as controller was to oversee the record-keeping of DeLuca’s personal financial investments. In 1996, DeLuca agreed to compensate Hislop for providing investment advisory services, with the parties negotiating a formula for compensation.
According to Hislop, after 1998, the funds for the DeLuca Account were invested through Paine Webber, which is headquartered in New York City and New Jersey. DeLuca gave Hislop the authority and discretion to select the securities and other investment vehicles for his account. The transactions were executed by a registered representative of Paine Webber, who worked out of Florida and Massachusetts. Hislop provided investment services until the spring of 2001.
After Hislop decided to retire, he provided documentation of investment services to the replacement controller, who then conducted an audit at Doctor’s, in Connecticut. Hislop met with DeLuca and the new controller in July 2001, in Connecticut, to review the audit. Doctor’s paid Hislop $345,609 in Connecticut, with DeLuca sending a memo that additional amounts might be paid at a later date.
DeLuca filed two affidavits in opposition to the motion to dismiss the Florida action. DeLuca stated he had been a permanent resident of Florida since 1991, spending at least 50% of every year in Fort Lauder-dale, less than 25% of the year in Connecticut, and the balance of the year traveling. He acknowledged being the founder and president of Doctor’s. However, he claimed that the principal place of business for Doctor’s was Fort Lauderdale and that it was a Florida corporation.
DeLuca agreed that Hislop managed a stock trading account for DeLuca’s personal financial assets unrelated to the company.
Because Hislop is not a registered investment advisor, he engaged Doug Telep-man, a registered investment advisor employed by Paine Webber in Palm Beach, Florida, to take instructions from Hislop *1257 and DeLuca in executing stock trades for the account. DeLuca and Hislop agreed on a compensation formula based on the success of the account.
DeLuca stated that he met with Hislop in Florida “on at least three separate occasions and discussed his management of my financial accounts during those personal meetings,” with Telepman attending at least one of these meetings. DeLuca indicated that when he was in Florida, he and Hislop communicated by telephone and email on a regular basis regarding the management of his account.
One of the two grounds upon which the circuit court granted the motion to dismiss was forum non conveniens.
Forum non conveniens “is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere.” Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 621 (Fla. 4th DCA 1999) (emphasis in original) (quoting Kinney Sys., Inc. v. Cont’l Ins. Co., 674 So.2d 86, 87 (Fla.1996)).
“The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.” Fla. R. Civ. P. 1.061(a). However where, as here, “the trial court’s decision is not based on live testimony, ‘[t]he presumption of correctness given to a trial court’s rulings ... is lessened, because the appellate court has everything the trial court had before it.’ ” Woods, 739 So.2d at 621 (quoting Ciba-Geigy Ltd. v. The Fish Peddler, Inc., 691 So.2d 1111, 1118 (Fla. 4th DCA 1997)).
To address a forum non conveniens issue, the Florida Supreme Court has adopted a four-step analysis, with the defendant having the burden of establishing each factor in succession:
[ 1] ... [T]he court must establish whether -an adequate alternative forum exists which possesses jurisdiction over the whole case. [ 2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice. [ 3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he [or she] must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [ 4] If [the trial judge] decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Kinney, 674 So.2d at 90 (citations omitted) (emphasis in original); see also Fla. R. Civ. P. 1.061(a).
The first and fourth factors are not in dispute, as an adequate alternative forum exists in Connecticut, where Hislop has filed a pending action against DeLuca, and this case could be litigated “without undue inconvenience or prejudice” to either party. Fla. R. Civ. P. 1.061(a)(4).
Concerning the second factor, the term “private interests”
encompasses four broad “practical” concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation.
Kinney, 674 So.2d at 91.
In considering these “private interest” factors, both Kinney and rule 1.061(a)(2) speak of the strong presumption against disturbing the plaintiffs initial forum choice.
*1258 However, the application of this presumption should not depend on which party wins the race to the courthouse. It is Hislop who is seeking a money judgment against DeLuca; DeLuca’s preemptive filing of a declaratory judgment action in Florida was, at best, a defensive maneuver. Any presumption given to a plaintiffs choice of a forum carries little weight where a nominal plaintiff chooses a forum with a minimal connection to the cause of action. See Smith Barney Inc. v. Potter, 725 So.2d 1223, 1226 (Fla. 4th DCA 1999).
DeLuca’s Florida residency, and the use of a broker based in Florida to execute trades, is not enough to restore the presumption. Honoring the rule 1.061(a)(2) presumption in this case would favor “the tendency of some plaintiffs to shop for the ‘best’ jurisdiction in which to bring suit,” rather than the “brake” the supreme court sought to place with its adoption of the federal standard for forum non conveniens. Kinney, 674 So.2d at 87.
Without the rule 1.061(a)(2) presumption, we find no abuse of discretion in the trial court’s conclusion that Connecticut is the more appropriate forum.
Hislop performed the work for which he seeks compensation in Connecticut. As the trial court concluded, the “large majority of potential witnesses” are not located in Florida, but in or near Connecticut. Cf. Ira Mex, Inc. v. Southeastern Interior Constr., Inc., 777 So.2d 1107, 1110 (Fla. 4th DCA 2001) (affirming dismissal in part because many relevant witnesses reside in Georgia). DeLuca contends that the only relevant witnesses are the two parties and the Florida broker; however, the trial court was within its discretion to conclude that Hislop’s eight listed witnesses would offer testimony relevant to this lawsuit and the compensation formula in dispute. Amongst these Connecticut witnesses are the current controller of Doctor’s Associates, who audited Hislop’s investment work; the payroll supervisor at the company who oversaw the payments made to Hislop under the compensation formula; Hislop’s former assistant, who prepared and sent regular updates to DeLuca concerning the account; and DeLuca’s estate lawyer who has knowledge of the compensation agreement.
The trial court also observed that most of the relevant documents are not in Florida. All of Hislop’s records are in Connecticut. DeLuca does not dispute that many relevant records are located at the company office in Connecticut. Cf. La Reunion Francaise, S.A v. La Costena, 818 So.2d 657, 660 (Fla. 3d DCA 2002) (most, if not all relevant evidence and witnesses located outside of Florida); Ryder Truck Rental, Inc. v. Rosenberger, 699 So.2d 713, 717 (Fla. 3d DCA 1997) (dismissal warranted where relevant evidence and many witnesses located out of state). That some records may be located in Texas, as DeLuca contends, does not support litigating this case in Florida.
Finally, as noted by the trial court, given the (1) disparity in financial resources and (2) DeLuca’s concession that he spends 25% of his time in Connecticut, where he has an office, Hislop would be far more prejudiced by litigating in Florida than DeLuca would be in Connecticut.
We find no abuse of discretion in the trial court’s finding that “all relevant factors of private interest” favor Connecticut as a forum.[1] Fla. R. Civ. P. 1.061(a)(2). *1259 We affirm the circuit court’s dismissal of the action on forum non conveniens grounds.
STONE and HAZOURI, JJ., concur.

. This is not a case where the "balance of private interests is at or near equipóse.” Fla. R. Civ. P. 1.061(a)(3). We do not therefore consider the third factor in the rule, except to note that "there is little or no public interest in the dispute” that would justify retention of jurisdiction in Florida. Kinney Sys., Inc. v. *1259 Cont'l Ins. Co., 674 So.2d 86, 92 (Fla.1996)
(citation omitted).