WARNER, J.
KPMG appeals two non-final appealable orders. Although filed as separate appeals, we consolidate them for purposes of this opinion. The plaintiffs have filed suit against KPMG and others for damages as a result of losses of their investment in several partnerships. KPMG audited financial statements of partnerships in which the plaintiffs invested. Although the plaintiffs assert multiple causes of action against KPMG, the plaintiffs essentially claim that KPMG failed to use proper auditing standards, and that they relied on KPMG’s auditing statements to their detriment. In the first order, the trial court denied KPMG’s motion to compel arbitration of the dispute. In the second, the trial court denied KPMG’s motion to dismiss on forum non conveniens grounds. We affirm the order denying the motion to compel arbitration, because the arbitral agreement upon which KPMG relied would not apply to the direct claims made by the individual plaintiffs. We affirm the order denying the motion to dismiss for forum non conveniens, because neither the motion nor its attached affidavit, nor the argument at hearing, was legally sufficient to overcome the strong presumption in favor of the resident plaintiffs’ choice of forum.
The plaintiffs are nineteen individuals and entities, most of whom are Florida residents, who bought a limited partnership interest in one of three limited partnerships — referred to collectively here as the “Rye Funds.”[1] The limited partnerships invested with Bernard Madoff in his infamous Ponzi scheme and lost millions of dollars. The limited partnerships were managed by Tremont Group Holding, Inc., and Tremont Partners, Inc. The plaintiffs sued the limited partnerships and the Tre-mont defendants, together with its auditing firm KPMG. As to KPMG, the plaintiffs alleged causes of action for negligent misrepresentation, violation of the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”), professional malpractice, and aiding and abetting a breach of fiduciary duty. Each cause of action is grounded in the alleged failure of KPMG to use proper auditing standards on the financial statements on which the plaintiffs relied in making and maintaining their investments in the partnerships. These re- *1168 suited in substantial misrepresentations of the financial health of the partnerships, causing the plaintiffs to lose all of their investments.
KPMG first moved to compel arbitration, basing its claim on its audit services agreement with the Tremont Group Holding, Inc., which contained an arbitration clause. That clause purports to require arbitration and/or mediation of all disputes arising from the services performed by KPMG for the Tremont defendants under the agreement, “including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided.” None of the plaintiffs, however, expressly assented in any fashion to this agreement or the arbitration provision. Instead, KPMG claimed that the plaintiffs’ claims were derivative and arose from the audit services that KPMG performed under the contract. Therefore, according to KPMG, the arbitration clause should be enforced as to the plaintiffs’ claims.
Both parties agree that Delaware law applies to the resolution of this issue, as the Rye Funds and the Tremont defendants were all Delaware partnerships. In Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1033 (Del.2004), the Delaware Supreme Court established a test when analyzing whether an action by stockholders (or limited partners) was direct or derivative of the corporation/general partnership’s cause of action. The questions which must be asked are: 1) who suffered the harm, the corporation or the stockholders individually, and 2) who received the benefit of the recovery or remedy? Because the claims of negligent misrepresentation and violation of FDUTPA allege individual harm to the plaintiffs and involve torts directed at the individual limited partners, we conclude that the limited partners suffered individual harm. See, e.g., Anglo Am. Sec. Fund, L.P. v. S.R. Global Int'l Fund, L.P., 829 A.2d 143 (Del.Ch.2003); Newman v. Family Mgmt. Corp., 2010 WL 4118083 (S.D.N.Y. Oct.20, 2010) (under Delaware law, common law claims of negligent misrepresentation and fraud were direct claims which could be brought by limited partners); Stephenson v. Citco Group, Ltd., 700 F.Supp.2d 599, 608-12 (S.D.N.Y.2010) (negligent misrepresentation is a direct claim, and noting that the same set of facts may result in both direct and derivative claims). We therefore affirm the trial court’s denial of the motion to compel arbitration.
KPMG also moved to dismiss on forum non conveniens grounds, claiming that all of its activities occurred in New York where it audited the defendants. With its motion it filed a two-page affidavit of a senior manager, stating that in connection with its agreement to audit the various limited partnerships, it performed all of its work in New York. The trial court denied the motion, concluding that the affidavit was insufficient to carry KPMG’s burden of persuasion. On appeal, KPMG argues, among other things, that the trial court applied an incorrect legal standard in ruling on the forum non conveniens issue. Even if we were to agree, we conclude that the motion and supporting affidavit were legally insufficient to warrant a change of forum.
Florida has adopted the doctrine of forum non conveniens in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), and it is now codified in Florida Rule of Civil Procedure 1.061(a), which provides:
(a) Grounds for dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which *1169 possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternative forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
A strong presumption favors a resident plaintiffs choice of forum. See Kinney, 674 So.2d at 91; Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA 1997). The defendant seeking dismissal bears the burden of persuasion as to each factor. See Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So.2d 912, 916 (Fla. 4th DCA 2008); Deluca v. Hislop, 868 So.2d 1254, 1257 (Fla. 4th DCA 2004).
In this case, the motion and the affidavit addressed only one private interest factor, namely the issue of availability of defense witnesses and documents in New York. The mere fact that the defendant’s witnesses and documents are all in another state does not automatically require dismissal for forum non conveniens, particularly considering the strong presumption in favor of the resident plaintiffs’ choice of forum. Without addressing all of the factors of private interest, as well as factors of public interest, the motion, the affidavit and the hearing argument were decidedly inadequate to warrant dismissal of the action. The trial court cannot be said to have abused its discretion in determining that the motion and affidavit were insufficient to carry the burden for KPMG.

Affirmed.

POLEN and FARMER, JJ., concur.

. The three partnerships are Rye Select Broad Market Fund, L.P., Rye Select Broad Market Prime Fund, L.P., and Rye Select Broad Market XL Fund, L.P.