WARNER, J.
We reconsider the appeal of an order denying the appellant’s motion to compel arbitration of disputes between it and ap-pellee after vacation of our prior opinion by the United States Supreme Court. In *329 our original appeal we addressed the arbi-trability of two of four of the claims made by appellee against appellant and concluded that those were not subject to arbitration. Upon petition for certiorari to the Supreme Court, the Court vacated our opinion because we had failed to address the arbitrability of the other two claims. It did not direct reconsideration of the two claims that we had addressed, nor did it address the entirely distinct issue that we decided in our prior opinion, namely the trial court’s denial of the appellant’s motion to dismiss for forum non conveniens. We therefore readopt our holdings on these matters. As to the two claims we did not address in our prior opinion, we reverse the denial of the motion to compel arbitration of those claims only. Because we had considered those claims moot, we remand for the trial court to determine whether they constitute “pendent claims” and are subject to arbitration.
We adopt and incorporate our prior opinion. See KPMG LLP v. Cocchi, 51 So.3d 1165 (Fla. 4th DCA 2010). We reprint that portion regarding the motion to compel arbitration:
The plaintiffs are nineteen individuals and entities, most of whom are Florida residents, who bought a limited partnership interest in one of three limited partnerships — referred to collectively here as the “Rye Funds.”FN[1] The limited partnerships invested with Bernard Ma-doff in his infamous Ponzi scheme and lost millions of dollars. The limited partnerships were managed by Tremont Group Holding, Inc., and Tremont Partners, Inc. The plaintiffs sued the limited partnerships and the Tremont defendants, together with its auditing firm KPMG. As to KPMG, the plaintiffs alleged causes of action for negligent misrepresentation, violation of the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”), professional malpractice, and aiding and abetting a breach of fiduciary duty. Each cause of action is grounded in the alleged failure of KPMG to use proper auditing standards on the financial statements on which the plaintiffs relied in making and maintaining their investments in the partnerships. These resulted in substantial misrepresentations of the financial health of the partnerships, causing the plaintiffs to lose all of their investments.
KPMG first moved to compel arbitration, basing its claim on its audit services agreement with the Tremont Group Holding, Inc., which contained an arbitration clause. That clause purports to require arbitration and/or mediation of all disputes arising from the services performed by KPMG for the Tremont defendants under the agreement, “including any dispute or claim involving any person or entity for whose benefit the services in question are or were provided.” None of the plaintiffs, however, expressly assented in any fashion to this agreement or the arbitration provision. Instead, KPMG claimed that the plaintiffs’ claims were derivative and arose from the audit services that KPMG performed under the contract. Therefore, according to KPMG, the arbitration clause should be enforced as to the plaintiffs’ claims.
Both parties agree that Delaware law applies to the resolution of this issue, as the Rye Funds and the Tremont defendants were all Delaware partnerships. In Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1033 (Del.2004), the Delaware Supreme Court established a test when analyzing whether an action by stockholders (or limited partners) was direct or derivative of the corporation/general partnership’s cause of action. The questions which must be asked are: 1) who suffered the harm, *330 the corporation or the stockholders individually, and 2) who received the benefit of the recovery or remedy? Because the claims of negligent misrepresentation and violation of FDUTPA allege individual harm to the plaintiffs and involve torts directed at the individual limited partners, we conclude that the limited partners suffered individual harm. See, e.g., Anglo Am. Sec. Fund, L.P. v. S.R. Global Int'l Fund, L.P., 829 A.2d 143 (Del.Ch.2003); Newman v. Family Mgmt. Corp., 2010 WL 4118083 (S.D.N.Y. Oct. 20, 2010) (under Delaware law, common law claims of negligent misrepresentation and fraud were direct claims which could be brought by limited partners); Stephenson v. Citco Group, Ltd., 700 F.Supp.2d 599, 608-12 (S.D.N.Y.2010) (negligent misrepresentation is a direct claim, and noting that the same set of facts may result in both direct and derivative claims). We therefore affirm the trial court’s denial of the motion to compel arbitration.
Id. at 1167-68. At oral argument prior to the issuance of our opinion, plaintiffs’ attorney conceded that some of the claims could be direct and some derivative. Pointedly, the panel asked whether some claims could be heard in arbitration while some would be heard in civil court. In response, counsel advised that the plaintiffs would drop any derivative claims, rather than submit to arbitration. Indeed, when KPMG moved for rehearing, in response the plaintiffs claimed that the two claims not addressed in the opinion had been dismissed. This court denied rehearing.
KPMG petitioned for certiorari to the United States Supreme Court, arguing that this court’s failure to address the remaining claims and to enforce arbitration with respect to them was contrary to the Federal Arbitration Act. The plaintiffs responded but did not include in their response the fact that the claims not addressed by this court had been dismissed. Apparently, plaintiffs had refiled those claims, although they may have been dismissed again. The record is unclear on their present posture.
In vacating this court’s opinion with respect to arbitration, the Supreme Court noted that the “Federal Arbitration Act reflects an ‘emphatic federal policy in favor of arbitral dispute resolution.’ ” KPMG LLP v. Cocchi, et al., — U.S. —, —, 132 S.Ct. 23, 25, 181 L.Ed.2d -323 (2011) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). It relied on its prior opinion of Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), to explain that even where there are multiple claims, some arbitrable and some not, those that are subject to arbitration must be arbitrated.
In Dean Witter, the Court noted that the Act “provides that written agreements to arbitrate controversies arising out of an existing contract ‘shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.’ ” 470 U.S., at 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (quoting 9 U.S.C. § 2). The Court found that by its terms, “the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.” 470 U.S., at 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (em *331 phasis in original). Thus, when a complaint contains both arbitrable and non-arbitrable claims, the Act requires courts to “compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.” Id., at 217, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158.
Id. at 25-26. This policy requires that the tribunal carefully examine all claims to determine whether any are arbitrable. Consistent with that policy, the Court found that this court had not addressed two of the claims brought by plaintiff, and remanded for this court to “examine the remaining two claims to determine whether either requires arbitration.” Id.
After the Supreme Court’s opinion and mandate to us, we directed the filing of supplemental briefs. The plaintiffs argued that the issue was moot because they have dismissed the two remaining claims, and there are no “pendent arbitrable claims.” They did not argue that the two remaining claims of professional malpractice, and aiding and abetting a breach of fiduciary duty were direct claims. KPMG, however, disputes whether these claims have been completely dismissed. It also requests us to revisit our prior holdings as to the negligence and FDUTPA claims. We decline to do so.
Having been directed by the Supreme Court to examine the two remaining claims, we will not dismiss them as moot. We conclude that KPMG is correct in its assertion that these are derivative claims subject to arbitration. See Stephenson, 700 F.Supp.2d at 610; Askenazy v. Tremont Group Holdings, Inc., 2012 WL 440675 (Mass.Super.Jan. 26, 2012). Plaintiffs have furnished no contrary authority.
As to the trial court’s denial of the motion to compel arbitration, we thus affirm in part and reverse in part. As we did in our original opinion, we affirm as to the claims for negligent misrepresentation and for violation of the FDUTPA. We reverse as to the claims of professional malpractice and aiding and abetting a breach of fiduciary duty. On remand, we direct the trial court to determine whether these arbitra-ble claims are still “pendent claims” in this suit. If so, they must be submitted to arbitration. If they have been dismissed, as the plaintiffs claim, then there would be no remaining claims entitled to arbitration.

Affirm,ed in part, reversed in part and remanded, with instructions.

POLEN and CONNER, JJ., concur.

. The three partnerships are Rye Select Broad Market Fund, L.P., Rye Select Broad Market Prime Fund, L.P., and Rye Select Broad Market XL Fund, L.P.