69 A.3d 127

CHARLES F. WASKEVICH, JR., PLAINTIFF–RESPONDENT, v. HEROLD LAW, P.A., ANTHONY J. REITANO AND HOWARD G. KATZ, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 13, 2013—Decided June 18, 2013.

294

Before Judges GRALL, SIMONELLI and KOBLITZ.

*Gregory T. Alvarez* argued the cause for appellants (*Jackson Lewis, L.L.P.*, attorneys; *Mr. Alvarez, James M. McDonnell* and *Leslie A. Saint*, on the briefs).

*Charles Z. Schalk* argued the cause for respondent (*Mauro, Savo, Camerino, Grant & Schalk, P.A.*, attorneys; *Mr. Schalk*, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

In this case involving an employment dispute between attorneys, we enforce federal law requiring bifurcation when some claims between parties must be arbitrated and one statutory claim between the same parties must be tried. Defendants Herold Law, P.A., Anthony J. Reitano and Howard G. Katz, appeal from orders of January 6, 2012 and February 3, 2012, denying their motion to send all of the claims to arbitration pursuant to the arbitration clause in plaintiff Charles F. Waskevich, Jr.'s employment contract. We determine that the court erred only in refusing to bifurcate to compel binding arbitration of the non-Law Against Discrimination (LAD) claims.

Waskevich joined Herold Law at age fifty-three, after spending more than fourteen years at a large New Jersey law firm as a labor and employment attorney. After promotion to shareholder, Waskevich signed an employment agreement on January 14, 2010, effective October 12, 2009, which contained an arbitration clause that the parties agree to arbitrate "any controversy, claim, or dispute arising out of or relating to this Agreement, including the construction, interpretation, performance, breach, termination, enforceability, or validity thereof. . . ."

In his complaint, Waskevich asserts LAD violations, breach of contract, breach of implied duty of good faith, tortious interference with contract, and tortious interference with prospective economic advantage. He alleges that defendants breached several aspects of the employment relating to benefits owed and his termination.

Additionally, asserts a series of age-based discrimination practices by defendants in violation of the LAD. During the course of his employment at Herold Law, P.A., Waskevich alleges that he to age discrimination that resulted in his resignation as a shareholder on December 10, 2010, effective December 31, 2010. Thereafter, Waskevich claims that he sought to remain an employee, but the firm terminated him after he did not accept an unfair remuneration proposal.

Defendants responded to the complaint with a pre-answer motion to compel arbitration. The judge denied defendants motion, holding that under *Garfinkel v. Morristown Obstetrics & Gynecology Assocociates*, 168 *N.J.* 124, 773 *A.2d* 665 (2001), the parties did not contractually agree to arbitrate LAD claims. Additionally, to promote judicial economy and avoid granting a benefit to the party with greater financial resources, the judge denied defendants application to bifurcate the non-LAD claims and send those to arbitration.

■■■■ Because "the issues involve contract interpretation and the application of case law to the facts of the case, the appellate courts standard of review is de novo." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cantone Research, Inc.*, 427 *N.J.Super.* 45, 57, 47 *A.*3d 1 (App.Div.), *certif. denied*, 212 *N.J.* 460, 56 *A.*3d 395 (2012). Thus, the " 'trial courts interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.' " *Alfano v. BDO Seidman, LLP*, 393 *N.J.Super.* 560, 573, 925 *A.2d* 22 (App.Div.2007) (quoting *Manalapan Realty, L.P. v. Twp. Comm. of Manalapan*, 140 *N.J.* 366, 378, 658 *A.2d* 1230 (1995)).

■■■■ "The substantive protection of the [Federal Arbitration Act (FAA) ] applies irrespective of whether arbitrability is raised in federal or state court." *Martindale v. Sandvik, Inc.*, 173 *N.J.* 76, 84, 800 *A.2d* 872 (2002). The, 9 *U.S.C.A.* §§ 1–3, "declare[s] a national policy favoring arbitration," *Southland Corp. v. Keating*, 465 *U.S.* 1, 10, 104 *S.Ct.* 852, 858 79 *L.Ed.*2d 1, 12 (1984), and provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *9 U.S.C.A.* § 2. That section "reflects both liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *NAACP of Camden*

*Cnty. E. v. Foulke Mgmt. Corp.*, 421 *N.J.Super.* 404, 424, 24 *A.*3d 777 (App.Div.2011) (citations omitted).

 Similarly, New Jersey law favors arbitration agreements. "The 2003 [New Jersey] Arbitration Act, *N.J.S.A.* 23B–1 to –32, 'continues our States long-standing policy to favor voluntary arbitration as a means of dispute resolution.'" *EPIX Holdings Corp. v. Marsh & McLennan Cos.*, 410 *N.J.Super.* 453, 471 n. 7, 982 *A.*2d 1194 (App.Div.2009) (quoting *Block v. Plosia*, 390 *N.J.Super.* 543, 551, 916 *A.*2d 475 (App.Div.2007)).

 When determining the scope of arbitration agreements, courts recognize "a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 471, 982 *A.*2d 1194 (quoting *Caldwell v. KFC Corp.*, 958 *F.Supp.* 962, 973 (D.N.J.1997)). In that sense, courts "place arbitration agreements on an equal footing with other contracts, and enforce them according to their term[.]" *AT & T Mobility LLC v. Concepcion*, 563 *U.S.* ——, ——, 131 *S.Ct.* 1740, 1745–46, 179 *L.Ed.*2d 742, 751 (2011) (citations omitted). "Although the FAA applies to both state and federal judicial proceedings, state contract-law principles generally govern a determination whether a valid agreement to arbitrate exists." *Hojnowski v. Vans Skate Park*, 187 *N.J.* 323, 342, 901 *A.*2d 381 (2006); *see also NAACP of Camden Cnty. E., supra*, 421 *N.J.Super.* at 428, 24 *A.*3d 777.

 "[B]ecause an agreement to arbitrate is a contract, only those issues may be arbitrated which the parties have agreed shall be." *Curtis v. Cellco P'ship*, 413 *N.J.Super.* 26, 35, 992 *A.*2d 795 (App.Div.) (quoting *Garfinkel, supra*, 168 *N.J.* at 132, 773 *A.*2d 665), *certif. denied*, 203 *N.J.* 94, 999 *A.*2d 462 (2010). Thus, courts examine arbitration provisions "on a case-by-case basis." *Rockel v. Cherry Hill Dodge*, 368 *N.J.Super.* 577, 580, 847 *A.*2d 621 (App.Div.), *certif. denied*, 181 *N.J.* 545, 859 *A.*2d 689 (2004).

██ When a party files a motion to compel arbitration, the court enforces the arbitration clause "when the contract provisions (1) contain language reflecting a general understanding of the type of claims included in the waiver; or (2) provide that, by signing, the [party] agrees to arbitrate 'all statutory claims arising out of the relationship,' or any claim or dispute based on a federal or state statute." *Curtis, supra,* 413 *N.J.Super.* at 35–36, 992 *A.*2d 795 (quoting *Gras v. Assocs. First Capital Corp.,* 346 *N.J.Super.* 42, 56–57, 786 *A.*2d 886 (App.Div.2001), *certif. denied,* 171 *N.J.* 445, 794 *A.*2d 184 (2002)).

██ We agree with the judge that the arbitration agreement in question here does not apply to Waskevich's LAD as the language in the agreement is similar[1] to the agreement in *Garfinkel, supra,* 168 *N.J.* at 134, 773 *A.*2d 665, where our Supreme Court found no meeting of the minds to waive a jury trial as to any LAD claim. The fact that Waskevich is an experienced employment lawyer who signed an agreement prepared by other lawyers does not change the legal analysis of the enforceability of the contract. *See id.* at 135–136, 773 *A.*2d 665. The also correctly distinguished this case from *Martindale,* in which our Supreme Court enforced an arbitration agreement even as to a LAD claim, because the language of the agreement in *Martindale* was much broader and did not limit arbitration to issues arising out of the employment agreement. 173 *N.J.* at 81, 96, 800 *A.*2d 872.

In *Garfinkel,* where our Supreme Court held that the LAD claims should not go to arbitration, the Court determined that all issues should be tried because " '[j]ust as we view piecemeal litigation as anathema, we also look with disfavor upon the unnecessary bifurcation of disputes between judicial resolution and arbitration.' " 168 *N.J.* at 137, 773 *A.*2d 665 (quoting *Ohio Cas. Ins. Co. v. Benson,* 87 *N.J.* 191, 199, 432 *A.*2d 905 (1981)).

---

[1] Garfinkel's agreement said "any controversy or claim arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration[.]" 168 *N.J.* at 128, 773 *A.*2d 665.

However, the Court did not consider the requirements of the FAA. Pursuant to the FAA, "federal law *'requires* piecemeal resolution when necessary to give effect to an arbitration agreement.'" *EPIX, supra,* 410 *N.J.Super.* at 479, 982 *A.*2d 1194 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 *U.S.* 1, 20, 103 *S.Ct.* 927, 939, 74 *L.Ed.*2d 765, 782 (1983)). In *EPIX,* we determined that bifurcation was required even though certain parties to the litigation were not parties to the arbitration agreement and thus the plaintiff would have to litigate in two forums. *Id.* at 479–80, 982 *A.*2d 1194.

Although the trial judge not unreasonably determined that the arbitrable issues should remain in court in part to avoid increased counsel fees, we are bound by the FAA as interpreted by the United States Supreme Court. The United States Supreme Court has interpreted the FAA to require that in these circumstances the court must bifurcate the issues. *KPMG LLP v. Cocchi,* 565 *U.S.* ——, ——, 132 *S.Ct.* 23, 24, 181 *L.Ed.*2d 323, 325 (2011). The Court stated that the FAA requires, "that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *Ibid.* (citing *Dean Witter Reynolds Inc. v. Byrd,* 470 *U.S.* 213, 217, 105 *S.Ct.* 1238, 1240–41, 84 *L.Ed.*2d 158, 163 (1985)).

We reverse the judge's decision not to bifurcate the claims. The LAD claim must be tried and the remaining claims sent to arbitration, as required under the parties arbitration agreement.

Affirmed in part and reversed in part. We remand for entry of an order consistent with this opinion. We do not retain jurisdiction.