Filed 10/17/13  Simmons v. Avant Garde Senior Living CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TOBI SIMMONS et al., | B246967 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. BC493106) |
| AVANT GARDE SENIOR LIVING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Reversed with directions.

Bonne, Bridges, Mueller, O'Keefe & Nichols, David J. O'Keefe, William R. Johnson and Vangi M. Johnson for Defendant and Appellant.

Law Offices of Maryann P. Gallagher and Maryann P. Gallagher for Plaintiffs and Respondents.

Defendant, Avant Garde Senior Living, appeals from an order denying its petition to compel arbitration. There were two grounds upon which the trial court relied in denying the petition to compel arbitration. The first was the danger of conflicting rulings with the results of proceedings pending against codefendants in the judicial forum. The second ground was the trial court's express statement that arbitration is not an efficient means of dispute resolution. We conclude these grounds were not a proper basis for denying the petition to compel arbitration. Thus, we reverse the order denying the petition to compel arbitration. There were other grounds for denying the petition that the trial court never ruled upon. Upon remittitur issuance, the parties remain free to litigate those questions.

The following are the pertinent provisions of the arbitration agreement: "10. Arbitration. By entering into this Agreement, you agree that any and all claims and disputes arising from or related to this Agreement or to your residency, care or services at the Community shall be resolved by submission to neutral, binding arbitration, except that any claim or dispute involving evictions or which is brought in small claims court shall not be subject to arbitration unless both parties agree to arbitrate such proceedings. Both parties give up their constitutional right to have any such dispute decided in a court of law before a jury, and instead accept the use of arbitration. The arbitration shall be conducted in Orange County, California, by a single neutral arbitrator selected in accordance with the California Code of Civil Procedure, unless otherwise mutually agreed. In reaching a decision, the arbitrator shall prepare findings of fact and conclusions of law. Each party shall bear its own costs and fees in connection with the arbitration. The arbitrator shall not have jurisdiction to consider evidence regarding or award punitive damages. This arbitration clause binds all parties to this Agreement and their spouse, heirs, representatives, executors, administrators, successors, and assigns, as applicable. After termination of this Agreement, this arbitration clause shall remain in full effect for the resolution of all claims and disputes that are unresolved as of that date. [¶] 11. Actions Not Subject to Arbitration. Any action arising out of or related to this Agreement that is brought by or against the Community for which arbitration is not

2

allowed by law or that is excluded from arbitration under Section II.I.10 above, shall be brought in the appropriate court before a judge."

There are three codefendants in this case: Adleman Tarzana Investments LLC; Tarzana Royale LLC; and Country Villa East L.P., doing business as a Country Villa Sheraton Nursing & Rehab Center. Two of those defendants are currently subject to litigation in the trial court. At the hearing on the petition to compel arbitration, the trial court began by announcing its tentative ruling: "Start with the petition to compel arbitration brought by Avant Garde. I'm sure the parties are aware of the court's prior ruling on November 29th, where I declined a similar petition. I don't think the facts are different here. [¶] In particular, there is a substantial likelihood of conflicting factual determinations should a piece of this case go into arbitration and the balance remain in this court. So I've considered the papers. That's my tentative. I'll hear from counsel." After hearing from all counsel, the trial court ruled: "The court: I think Ms. Gallagher's got a right, Mr. Miletic. I'm not going to change my tentative. I think this case, more than many than as I've seen, in fact – perhaps this is as much as in any case, I've seen really cries out for having the resolution of this continuum of facts resolved in one forum. And I think that it would be a recipe for the disaster, and certainly, for conflicting rulings to have something go into arbitration, which by the way, in my experience, is now taking a couple of years. [¶] Arbitration at one time, it was supposed to be a prompt and expeditious way of dissolving disputes. As it turns out, that's not the case. The cases that, on occasion, I have sent to arbitration seem to percolate along on a three-year plan. We get cases to trial much quicker here in this – in this courthouse, so I appreciate your arguments, but I'm going to stick with the tentatives and the motion and/or petition to compel arbitration will be denied." There were other grounds asserted for invalidating the duty to arbitrate but the trial court did not rule upon them.

The first stated reason for denying the petition to compel arbitration is the risk of conflicting rulings and the need for litigation to be conducted in a single forum. This ground may not be relied upon by a state court to deny a request to arbitrate. In *KPMG LLP v. Cocchi* (2011) 565 U.S. ___, ___-___ [132 S.Ct. 23, 24-26], a complaint

3

contained both arbitrable and nonarbitrable claims. The Florida trial court denied the petition to compel arbitration. The Florida appellate court affirmed finding that only two of the four claims in the complaint were arbitrable.

The United States Supreme Court vacated the Florida appellate court decision and held: "In *Dean Witter* [*Reynolds Inc. v Bird* (1985) 470 U.S. 213], the Court noted that the [Federal Arbitration] Act 'provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 470 U.S., at 218 (quoting 9 U.S.C. § 2). The Court found that by its terms, 'the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.' 470 U.S., at 218, 105 S.Ct. 1238 (emphasis in original). Thus, when a complaint contains both arbitrable and nonarbitrable claims, the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.' *Id.,* at 217." (*KPMG LLP v. Cocchi*, *supra*, 565 U.S. at p. ___ [132 S.Ct. at pp. 25-26]; accord *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 20 ["the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement"]; *Allstate Ins. Co. v. Elzanaty* (E.D.N.Y. 2013) ___ F.Supp.2d ___, ___ [2013 U.S. Dist. Lexis 33309, *31-32]; *Askenazy v. KMPG LLP* (Mass.App. 2013) 988 N.E.2d 463, 469; *KPMG LLP v. Cocchi* (Fla.App. 2012) 88 So.3d 327, 330; *Perdido Key Island Resort Development v. Regions Bank* (Fla.App. 2012) 102 So.3d 1, 6-7.) Earlier in its opinion, the high court stated, "The Act has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." (*KPMG LLP v. Cocchi*, *supra*, 565 U.S. at p. ___ [132 S.Ct. at p. 24]; *Simmons v. Morgan Stanley Smith Barney, LLC* (S.D.N.Y. 2012) 872 F.Supp.2d 1002, 1020; *Waskevich v. Herold Law, P.A.*

4

(N.J.Super. 2013) 69 A.3d 127, 130-131; *State ex rel. Johnson Controls, Inc. v. Tucker* (W.Va. 2012) 729 S.E.2d 808, 819.)

The second stated reason for denying the motion was the trial court's express finding that arbitration may not be a "prompt and expeditious" way to resolve disputes. A trial court may not exercise discretion and, as part of its analysis, base its decision on arbitration as an inefficient means of resolving disputes. (*Dean Witter Reynolds Inc. v Bird*, *supra,* 470 U.S. at p. 218; *State ex rel. Johnson Controls, Inc. v. Tucker*, *supra*, 729 S.E.2d at p. 819 ["[T]he FAA requires a court to enforce the bargain of the parties to arbitrate and 'not substitute [its] own views of economy and efficiency' for those of Congress."].) Accordingly, the appropriate course is to reverse the order denying the petition to compel arbitration. Thus, the provisions of Code of Civil Procedure section 1281.2, subdivision (c), which permit a court to *deny* a petition to compel arbitration, are preempted by the Federal Arbitration Act.

Further, this case is subject to the limited preemptive effect of the Federal Arbitration Act. (9 U.S.C. § 2 ["transaction involving commerce"]; *Allied-Bruce Terminix Companies, Inc. v. Dobson* (1995) 513 U.S. 265, 277 ["word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full"].) The United States Supreme Court has expressly held a wrongful death suit against a nursing home was subject to the limited preemptive effect of the Federal Arbitration Act. (*Marmet Health Care Center, Inc. v. Brown* (2012) 565 U.S. __, __ [132 S.Ct. 1201, 1203-1204.) Further, the complaint alleges defendant breached its obligations under title 42 United States Code sections 1396r(b)(2) and 1396r(d)(1)(A) as well as title 42 Code of Federal Regulations section 483.25. In order to be subject to these provisions, a facility such as defendant must receive Medicare or Medicaid funds. (42 C.F.R. § 483.1 (a)(2), (b).) Payments of Medicare or Medicaid funds are transactions involving commerce. (*Summit Health, Ltd. v. Pinhas* (1991) 500 U.S. 322, 327 ["The provision of ophthalmological services affects interstate commerce because both physicians and hospitals serve nonresident patients and receive reimbursement through Medicare payments."]; *United States v. Girod* (2011) 646 F.3d 304, 315 ["Medicaid, which is a

5

federally funded program that indisputably affects interstate commerce."]; *Thi of New Mexico at Hobbs Center, LLC v. Spradlin* (D.N.M. 2012) 893 F.Supp.2d 1172, 1184 [receipt of Medicare funding sufficient to create jurisdiction under Federal Arbitration Act]; *Trevino v. Pechero* (S.D.Tex. 2008) 592 F.Supp.2d 939, 946 ["Plaintiffs plead a nexus with interstate commerce through their and their patients' participation in Medicare and Medicaid."]; *Miller v. Cotter* (Mass. 2007) 863 N.E.2d 537, 544 ["[A]ccepting payment from Medicare, a Federal program . . . constitutes an act of interstate commerce."].) Thus, *KMPG LLP* and its progeny and the federal preference for arbitration require the order denying the arbitration petition be reversed.

But that does not end matters. Plaintiffs argue that: non-signatories to an arbitration agreement may not be compelled to arbitrate; the elder abuse claim is not subject to arbitration; and defendants waived the right to arbitrate. The trial court never addressed any of these contentions. Upon remittitur issuance, the parties may litigate these contentions. In addition, the parties may address whether the arbitration may be *stayed*; an order which would not, at present, be subject to federal preemption. (Code Civ. Proc., § 1281.2, subd. (c); *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 385-390, 394; *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 784.)

The order under review is reversed. Defendant, Avant Garde Senior Living, shall recover its cost incurred on appeal from plaintiffs, Tobi Simmons, Annette Ginsburg and Elsie Ginsburg individually and as successors in interest to Harold Ginsburg.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:



MOSK, J.                                    KRIEGLER, J.

6