**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1031-20

KRHP, LLC, a New Jersey Limited
Liability Company, and HEMA M.
PATEL, individually,

     Plaintiffs-Appellants,

v.

BEST CARE LABORATORY,
LLC, a New Jersey Limited
Liability Company, TARA
PENDERGRAFT, an individual,
DR. JOSEPH KEPKO, M.D., an
individual, and RAJEEV
TALWAR, an individual,

     Defendants-Respondents.

_____

Argued October 4, 2021 – Decided October 28, 2021

Before Judges Messano, Rose, and Enright.

On appeal from the Superior Court of New Jersey,
Chancery Division, Essex County, Docket No.
C-000101-20.

Anthony N. Gaeta argued the cause for appellants (Gaeta Law Firm, LLC, attorneys; Anthony N. Gaeta and William A. Friedman, on the briefs).

Jill R. Cohen argued the cause for respondents Best Care Laboratory, LLC, Tara Pendergraft, and Dr. Joseph Kepko, M.D. (Eckert Seamans Cherin & Mellott, LLC, attorneys; Jill R. Cohen, of counsel and on the brief).

Frank X. Wukovits argued the cause for respondent Rajeev Talwar (Buttaci Leardi & Werner, LLC, attorneys; John W. Leardi, of counsel and on the brief; Frank X. Wukovits, on the brief).

PER CURIAM

Plaintiffs KRHP, LLC, and Hema M. Patel (collectively, plaintiffs), appeal from the Chancery Division's November 20, 2020 order compelling arbitration of their claims against defendants Best Care Laboratory, LLC, Tara Pendergraft, and Dr. Joseph Kepko, M.D. (collectively, Best Care defendants), and dismissing plaintiffs' complaint with prejudice.[1] We affirm.

We summarize the facts and procedural history from the limited record on appeal. Located in Robbinsville, Best Care was "a privately owned and operated laboratory[,] which . . . provide[d] customized services to [its] clients" through

---

[1] After the appeal was filed, plaintiffs advised this court that the complaint also was dismissed with prejudice as to defendant Rajeev Talwar before he was served with the complaint. Talwar has participated in this appeal.

"the efficient collection and transportation of specimens, accurate testing in [its] state-of-the-art laboratories and prompt reporting of results."

In return for its $500,000 capital investment, plaintiffs purchased a five percent membership interest in Best Care. The parties' agreement was memorialized in an October 2016 Operating Agreement that contains a dispute resolution provision. Specifically, Article XI, Section 11.02 provides, in full:

> If a dispute arises between the Members relating to this Agreement or if the Members cannot reach a decision on a matter that in regards to which failure to reach a decision would result in a deadlock, the Members agree to use the following procedure prior to either party pursuing other available remedies:
>
> (a) A meeting shall be held promptly between the Members, attended by individuals with decision making authority regarding the dispute, to attempt in good faith to negotiate a resolution of the dispute.
>
> (b) If, within [thirty] days after such meeting, the Members have not succeeded in negotiating a resolution of the dispute, they shall jointly appoint a mutually acceptable neutral person not affiliated with any of the Members (the "**Neutral Party**"), seeking the assistance in such regard from the American Arbitration Association (or other similar organization) if they have been unable to agree upon such appointment within [forty] days from the initial meeting and the decision of the Neutral shall be final and binding upon the Members. The fees of the Neutral Party shall be shared equally by the Members.

A-1031-20

Following execution of the Operating Agreement, KRHP borrowed $160,000 from plaintiffs, and executed a promissory note for the loan's repayment. Thereafter, an internal investigation by Best Care's counsel revealed that plaintiffs had "entered into noncompliant arrangements with Best Care, potentially under false pretenses, with former Best Care co-manager and CEO, Rajeev Talwar."

Accordingly, on July 30, 2018, Best Care notified plaintiffs that it had "exercised its unilateral right" under the Operating Agreement and "redeemed, effectively immediately, 100 [percent] of KRHP's membership interest in Best Care . . . for Book Value (as defined in the 201[6] Operating Agreement)," which "w[as] worth roughly $165,000." However, that amount was reduced by "actual expenses and damages already incurred by Best Care related to [plaintiffs'] actions and . . . foreseeable future expenses, damages, penalties and fines related to the same," for a net amount of "$0." Finally, Best Care emphasized that "effective immediately" plaintiffs ceased to own or control "any ownership interest in Best Care."

On June 23, 2020, plaintiffs filed a two-count complaint against the Best Care defendants and Talwar alleging member oppression, N.J.S.A. 42:2C-1 to -94, and breach of fiduciary duties. Plaintiffs annexed the Operating Agreement

4

as an exhibit to their complaint, claiming defendants breached its terms. For example, the complaint asserted the Operating Agreement "does not provide for redemption 'less' actual or foreseeable damages – only Agreed Value and Book Value." On September 3, 2020, the Best Care defendants moved to compel arbitration and dismiss the complaint with prejudice, or stay the matter pending arbitration, based on the dispute resolution provision set forth in Article XI, Section 11.02 of the Operating Agreement.

Plaintiffs and the Best Care defendants appeared virtually before the motion judge on November 13, 2020. Following argument, the judge issued a cogent oral decision. Focusing on the terms of the arbitration provision, the judge rejected plaintiffs' assertion that the arbitration provision was "relatively narrow" and applied "only" to "disputes between the members when they can't agree or when that would result in a deadlock." Nor was she persuaded that because plaintiffs were ousted as members of Best Care, their claims were not subject to the arbitration clause.

Citing Article XI of the Operating Agreement, the judge determined the language "speaks to a dispute between members relating to this agreement." Further, "plaintiffs attached the agreement to their complaint and are asking the court to enforce their rights under the terms of that agreement." Accordingly,

the judge concluded "the dispute resolution clause applies" to plaintiffs' claims "and the matter should be arbitrated."

On November 20, 2020, the judge issued a memorializing order. Plaintiffs thereafter appealed, reprising the arguments raised before the motion judge. In sum, plaintiffs contend "[d]efendants cannot have it both ways"; they cannot "strip" plaintiffs of their membership interest in Best Care, then rely on the arbitration provision, which applies only to disputes "between [m]embers."

Well-established principles guide our analysis. Orders compelling or denying arbitration are deemed final and appealable as of right. R. 2:2-3(a); GMAC v. Pittella, 205 N.J. 572, 587 (2011). We review a judge's decision to compel or deny arbitration de novo. Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020). Because the enforceability of a contractual arbitration provision is a legal determination, we need not defer to the trial court's interpretative analysis, "unless we find it persuasive." Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 316 (2019).

"In reviewing such orders, we are mindful of the strong preference to enforce arbitration agreements, both at the state and federal level." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). This preference, however, is not without limits. Id. at 187.

A-1031-20

Under both federal and state law, arbitration is a creature of contract. See 9 U.S.C. 2; Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 67 (2010); Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 441 (2014). The parties are not required to arbitrate their claims unless they have agreed to do so. Id. at 442. "A court must look to the language of the arbitration clause to establish its boundaries." Hirsch, 215 N.J. at 188; In re Arb. Between Grover & Universal Underwriters Ins. Co., 80 N.J. 221, 229 (1979) (recognizing "only those issues may be arbitrated which the parties have agreed shall be").

In deciding whether a matter should be submitted to arbitration, a court must first evaluate whether a valid agreement to arbitrate exists and, if so, then decide whether the dispute falls within the scope of the agreement. Martindale v. Sandvik, Inc., 173 N.J. 76, 85, 92 (2002); see also Hirsch, 215 N.J. at 188.

The present matter implicates the second inquiry, which requires the court to examine "the language of the arbitration clause to establish its boundaries." Ibid. In that regard, "[c]ourts have generally read the terms 'arising out of' or 'relating to' [in] a contract as indicative of an 'extremely broad' agreement to arbitrate any dispute relating in any way to the contract." Griffin v. Burlington Volkswagen, Inc., 411 N.J. Super. 515, 518 (App. Div. 2010). "[U]nless it may be said with positive assurance that the arbitration clause is not susceptible of

A-1031-20

an interpretation that covers the asserted dispute," the matter is arbitrable. Waskevich v. Herold L., P.A., 431 N.J. Super. 293, 298 (App. Div. 2013).

Having conducted a de novo review of plaintiffs' contentions in view of these guiding principles, we are persuaded by the motion judge's reasoning, Kernahan, 236 N.J. at 316, and conclude plaintiffs' renewed assertions lack sufficient merit to warrant discussion in our written opinion, R. 2:11-3(e)(1)(E). We therefore affirm substantially for the reasons expressed by the motion judge. We simply add plaintiffs cannot claim as ousted members of the corporation they are not bound by the Operating Agreement's arbitration provision, when their complaint asserts defendants violated other provisions of the same agreement, thereby divesting plaintiffs of their interest in the company. Indeed, it is plaintiffs who cannot have it both ways.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1031-20